IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CARLOS RELARIEL BOTERO-OSPINA, | |
| Petitioner, | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255 |
| vs. | |
| UNITED STATES OF AMERICA, | Civil Case No. 2:05-CV-93 TS |
| Respondent. | Criminal Case No. 2:93-CR-48 DKW |

Petitioner Carlos Relariel Botero-Ospina brings this suit as a "Motion to Reconsideration of Sentence in Light of New Supreme Court Decision Pursuant to U.S.C. Title 28 §2241 Writ of Habeas Corpus." The Court construes the Motion as one brought pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Petitioner is proceeding *pro se* in this matter. The Court notes that, on March 14, 2005, it ordered the government to respond in writing to the instant Motion on or before May 27, 2005.[1] However, the government

---

[1] Docket No. 4.

has failed to file any response.  The Court will render its decision without the benefit of the government's response.  The Court finds that the Motion is time-barred and, further, that Petitioner's underlying arguments lack merit and do not establish appropriate grounds upon which to justify relief under § 2255 because neither *Blakely* nor *Booker* apply to cases on collateral appeal.  Therefore, the Court will deny Petitioner's § 2255 Motion and close this case.

BACKGROUND

On March 10, 1993, Petitioner was charged in a one-count Indictment with Possession of a Controlled Substance With Intent to Distribute Cocaine.[2]  Petitioner was found guilty by a jury on October 7, 1993.  Thereafter, a presentence report was prepared, and Defendant was sentenced on December 27, 1993, to a sentence of 235 months incarceration.  Judgment was entered on December 30, 1993.

Petitioner pursue a direct appeal to the Tenth Circuit on January 4, 1994.  On January 22, 1996, the Tenth Circuit affirmed the judgment of the District Court.  On May 17, 1999, Petitioner filed a Notice of Renewed Appeal, which was ultimately rejected by the Tenth Circuit on July 17, 2000.  The instant Motion followed on February 7, 2005.

DISCUSSION

I.      STATUTE OF LIMITATIONS

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[3]  Section 2255 states:

---

[2] Case No. 2:93-CR-48 DKW.

[3] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

2

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[4]

Petitioner does not address his failure to timely file this collateral appeal.  Under § 2255(1), Petitioner's conviction became final when the Tenth Circuit rejected his second appeal – July 17, 2000.  Petitioner filed this case on February 7, 2005.  Even allowing for time in which Petitioner might have sought a Writ of Certiorari from the Supreme Court, Petitioner is far outside of the allowable time in which to pursue this action.  Further, even broadly construing Petitioner's Motion and considering it under subsection (3), there is no right newly recognized by the Supreme Court which has been made retroactive or applies to this collateral appeal, as is discussed below.  Therefore, the Court finds that the statute serves as a time bar to this action.

---

[4] 28 U.S.C. § 2255.

3

II.    *BLAKELY* ISSUES

Petitioner's sole argument centers on the recent Supreme Court cases of *Blakely v. Washington*[5] and *United States v. Booker*.[6]  Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of his Sixth Amendment rights.

Simply put, *Booker* does not apply to cases on collateral appeal.  However, even if the Court found that *Booker* applied to this collateral appeal, the Court would find that *Booker* is inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable.  The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."[7]  The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[8]

The Tenth Circuit has specifically considered this issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[9]   The Tenth Circuit has also held that "the rule announced in

---

[5] 540 U.S. 965 (2004).

[6] 125 S.Ct. 738 (2005).

[7] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[8]  125 S.Ct. at 769, citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987).

[9] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

4

*Booker* is not retroactive."[10]  Because Petitioner's conviction was clearly final by June 24, 2004,

the Court finds that neither *Blakely* nor *Booker* applies retroactively to this case.

Therefore, Petitioner's suit is time-barred and the underlying claims lack merit.

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an

evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

SO ORDERED.

DATED this 5th day of October,  2005.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[10] *United States v. Bellamy*, 1411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

5